UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEPHAN KOCAN,

      Plaintiff,        **COMPLAINT**

 -against-

FRENSCO, INC. and DANIEL PHUA,

      Defendant.
------------------------------------------------------------------------X

  Plaintiff, STEPHAN KOCAN ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, FRENSCO, INC. and its principal, Defendant, DANIEL PHUA ("Defendants"), alleges as follows:

### NATURE OF THE ACTION

  1. Defendants failed to pay Plaintiff premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

  2. Plaintiff brings this action against Defendants to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

### JURISDICTION AND VENUE

  3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## PARTIES

6. At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2).

7. Defendant, FRENSCO, INC., is a domestic business corporation.

8. At all times relevant, Defendant, FRENSCO, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d). Defendant was and still is an "employer" within the meaning of NYLL § 190(3).

9. At all relevant times, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees used tools, equipment and other materials which originated in other states.

10. Defendant, DANIEL PHUA, was a shareholder and/or officer of FRENSCO, INC., had authority to make payroll and personnel decisions for FRENSCO, INC., was active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

11. Defendants are engaged in the wholesale sale of building materials.

12. Plaintiff was employed by Defendants from in or about December 2017 to in or about March 23, 2020.

13. Plaintiff was a non-exempt hourly paid employee. Plaintiff's regular rate of pay was $25 per hour.

14. Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek.

15. Defendants failed to pay Plaintiff overtime at a rate not less than one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL. Instead, Defendants paid Plaintiff at his regular rate of pay for all hours worked, including those hours worked after 40 hours in a single workweek. For example:

- for hours worked during the period January 6, 2020 to January 12, 2020, Defendants paid Plaintiff for 44.90 hours all at his regular hourly rate of $25 for a total of $1,122.50;

- for hours worked during the period February 17, 2020 to February 23, 2020, Defendants paid Plaintiff for 44.99 hours all at his regular hourly rate of $25 for a total of $1,124.50;

- for hours worked during the period March 9, 2020 to March 15, 2020, Defendants paid Plaintiff for 43.72 hours all at his regular hourly rate of $25 for a total of $1,093.00;

- for hours worked during the period March 16, 2020 to March 23, 2020, Defendants paid Plaintiff for 43.60 hours at his regular hourly rate of $25 for a total of $1,090.00;

16. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195.

17. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195.

18. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

19. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

20. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

21. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

22. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

23. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW: OVERTIME WAGES

24. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

25. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

26. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(1)

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York Labor Law.

29. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(3)

30. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

32. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)  Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii)  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iv)  Unpaid wages pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(v)  Damages pursuant to New York State Labor Law § 198(1-a);

(vi)  All attorneys' fees and costs incurred in prosecuting these claims; and

(viii)  Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       March 16, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By:  */s/ Peter A. Romero, Esq.*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Frensco Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____          _2/11/2022_____
Stephan Kocan                                                    Date